UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| KEITH HOLLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   2:25-cv-00478-SDN |
| | ) |
| PIEDMONT AIRLINES, INC., | ) |
| | ) |
| Defendant. | ) |

### **ORDER AFFIRMING RECOMMENDED DECISION**

Plaintiff Keith Holland sued his employer, Piedmont Airlines, Inc. ("Piedmont"), for alleged religious discrimination in violation of the Maine Human Rights Act ("MHRA") and intentional misrepresentation in violation of Maine common law. ECF No. 1-1. On March 13, 2026, the Magistrate Judge recommended I dismiss with leave to amend Counts I and II of Mr. Holland's three-count complaint for failure to state a claim. ECF No. 21. Mr. Holland timely objected to the Recommended Decision. ECF No. 22. Having reviewed the Magistrate Judge's findings, as well as Mr. Holland's timely objection, I **AFFIRM** the Recommended Decision and **GRANT** Mr. Holland leave to amend Counts I and II.

### **BACKGROUND**[1]

Mr. Holland is a Seventh-day Adventist Christian whose sincerely held religious beliefs prohibit him from working between sunset on Friday and sunset on Saturday. ECF

---

[1] I derive these facts from Mr. Holland's complaint, ECF No. 1-1, accept them as true, and draw all reasonable inferences in his favor. *See Langadinos v. Am. Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir. 2000). Although Mr. Holland provides additional factual allegations in his opposition to the motion to dismiss, *see* ECF No. 18, I cannot consider them here as I am restricted to "facts and documents that are part of or incorporated into the complaint." *Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc.*, 524 F.3d 315, 321 (1st Cir. 2008). Such allegations may be incorporated into Mr. Holland's amended complaint.

No. 1-1 at 4. Piedmont is regional airline that provides ground handling, operations, and customer service for American Airlines flights at the Portland International Jetport ("Jetport") in Portland, Maine. *Id.*

In February 2023, Mr. Holland interviewed for a job at Piedmont with Bobby Sue Lowe, an administrative assistant for the company. *Id.* At the time, Ms. Lowe was responsible for conducting interviews and administering payroll-related tasks. *Id.* at 7. During the interview, Piedmont represented to Mr. Holland that his religious beliefs would be accommodated, his rate of pay would be $18.39 per hour, and he would receive two pay raises annually. *Id.* at 4. Mr. Holland alleges that he relied on these statements in deciding to accept the position. *Id.* at 6, 7.

Later that month, Mr. Holland began working at the Jetport for Piedmont as a part-time ramp agent. *Id.* at 4. Piedmont soon thereafter assigned Mr. Holland a training shift scheduled to start at 9:30 p.m. on Friday and end at 1:30 a.m. on Saturday. *Id.* After noticing that he was slated to work on a Friday night, Mr. Holland emailed Ms. Lowe about the conflict, reminding her that he was unavailable at that time due to his religious beliefs. *Id.* At Ms. Lowe's instruction, Mr. Holland submitted a religious accommodation request to Piedmont's regional human resources office in Philadelphia, Pennsylvania. *Id.* Both a Piedmont general manager and regional human resources director denied Mr. Holland his request for religious accommodation. *Id.* at 5. On the day of the assigned training shift, Mr. Holland called out of work and did not report for his shift. *Id.*

To govern employee attendance, Piedmont maintained a "dependability" point system. *Id.* Under this system, probationary employees were subject to lower disciplinary thresholds than non-probationary employees. *Id.* Mr. Holland accumulated six attendance-related points during his probationary period—three for his unexcused

2

absence from the training shift and three for an unexcused sick day—which  resulted in Piedmont extending his probation by an additional ninety days. *Id*. Mr. Holland alleges that, because additional points would have resulted in his termination and he could not swap shifts without management's approval during his probationary period, he reported to work while sick to avoid accumulating further unexcused absences. *Id*.

In August 2023, after Mr. Holland's manager noticed Mr. Holland was working between fifty and seventy hours at the Jetport each week, the manager asked Mr. Holland why he had not switched to full-time employment. *Id*. at 5–6. Mr. Holland explained that he did not possess sufficient seniority to bid for a full-time schedule that would accommodate his religious beliefs. *Id*. at 6. Mr. Holland asked his manager whether he could receive religious accommodation to work full-time, but his manager replied that he was unable to grant the accommodation. *Id*.

In May 2025, Mr. Holland applied for a full-time position with Piedmont, believing that he finally had the seniority needed to bid for a full-time schedule that did not conflict with his religious beliefs. *Id*. Although Mr. Holland initially accepted a full-time position, he later requested to remain part-time after conversations with coworkers led him to conclude that he was unlikely to receive a work schedule that would accommodate his religious beliefs. *Id*.

In July 2025, Mr. Holland filed his three-count complaint in Maine state court. *Id*. at 2. At the time of filing, Mr. Holland remained employed by Piedmont as a part-time employee and had not received any wage increase. *Id*. at 6. Mr. Holland seeks a range of relief for Piedmont's alleged religious discrimination under the MHRA (Count III) and for fraudulent misrepresentations concerning religious accommodation and wage increases under Maine common law (Counts I and II). *Id*. at 6–9.

In September 2025, Piedmont removed the case to federal court, ECF No. 1, and the following month, the company moved to dismiss Counts I and II, ECF No. 12. Piedmont contends Counts I and II lack the particularity required to plead the substance of Mr. Holland's allegations and that Mr. Holland has not pleaded facts from which a court could infer that Piedmont knew its representations to be false. *See id*. at 4–6. Piedmont further argues that, even if the Court were to find Counts I and II provided enough detail, Mr. Holland has not alleged any legally cognizable detriment resulting from Piedmont's alleged misrepresentations. *Id*. at 7.

The Magistrate Judge issued his Recommended Decision on March 13, 2026. ECF No. 21. He recommends dismissing Counts I and II because Mr. Holland failed to allege the substance of Piedmont's purported false representations, failed to specifically identify the person who made the representations, and failed to allege facts from which the Court could infer that the speaker either knew those representations were false or acted recklessly as to their truth. *Id*. at 6–7. The Magistrate Judge recommends dismissing both counts without prejudice and granting Mr. Holland leave to amend the complaint. *Id*. at 9.

On March 27, 2026, Mr. Holland filed a timely partial objection to the Recommended Decision, ECF No. 22, thus entitling him to de novo review of those portions to which he specifically objected, *see* Fed. R. Civ. P. 72(b). In his objection, Mr. Holland conceded to dismissing Count I of the complaint, which alleged intentional misrepresentation related to religious accommodation, labeling it "redundant" because it would not provide "any additional damages." ECF No. 22 at 1. Because Mr. Holland did not object to the Recommended Decision as to Count I, I find no plain error in the Magistrate Judge's reasoning and affirm dismissal of Count I.

Mr. Holland did, however, specifically object to the Magistrate Judge's recommendation to dismiss Count II. *Id.* For the following reasons, upon my de novo review of the record, I affirm the Magistrate Judge's conclusion that Mr. Holland has failed to allege adequate facts in Count II to support a claim for relief.

## DISCUSSION

While I construe Mr. Holland's pro se complaint broadly and liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), he must nonetheless plead enough facts to render his claims plausible on their face, Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility requires "something more than merely possible or merely consistent with a defendant's liability." *Germanowski v. Harris*, 854 F.3d 68, 71–72 (1st Cir. 2017) (quotation modified). Mr. Holland is proceeding pro se, and so, while I apply a less stringent standard to his pleadings, *Erickson*, 551 U.S. at 94, this leniency does not require me to "conjure up unpled allegations" or "rewrite a petition to include claims that were never presented," *Vieira v. De Souza*, 22 F.4th 304, 311 (1st Cir. 2022) (quotations modified). The complaint must still provide fair notice of the claims and "the grounds upon which they rest." *Norton v. Biden*, No. 1:22-cv-00274, 2022 WL 4376923, at *1 (D. Me. Sept. 22, 2022), *aff'd*, 2022 WL 4585747 (D. Me. Sept. 29, 2022).

Under Maine law,[2] to survive a motion to dismiss on a claim of intentional misrepresentation, Mr. Holland must allege: (1) a false representation; (2) of a material fact; (3) made with knowledge of its falsity or in reckless disregard for the truth; (4) for the purpose of inducing reliance upon it; and (5) justifiable reliance upon the

---

[2] When sitting in diversity, federal courts apply the substantive law of the forum state. *See Doe v. Missionary Oblates of Mary Immaculate E. Province*, 761 F. Supp. 3d 218, 222 (D. Me. 2025).

representation as true and resulting damage. *See Flaherty v. Muther*, 2011 ME 32, ¶ 45, 17 A.3d 640, 654.

Because Mr. Holland's intentional misrepresentation claim is a "variant of a cause of action for fraud," *Drilling & Blasting Rock Specialists, Inc. v. Rheaume*, 2016 ME 131, ¶ 17, 147 A.3d 824, 829, Federal Rule of Civil Procedure 9(b) also applies. Rule 9(b) requires fraud to be pleaded with particularity, specifically identifying the "time, place and content of an alleged false representation." *Going v. Laprel*, No. 2:14-cv-00031, 2014 WL 6389561, at *3 (D. Me. Nov. 14, 2014) (internal citation omitted). It also requires the plaintiff to identify some basis for inferring the defendant acted with the requisite scienter. *See Enercon v. Glob. Comput. Supplies, Inc.*, 675 F. Supp. 2d 188, 199 (D. Me. 2009). Scienter demands a claim for intentional misrepresentation be made with: (1) actual knowledge that a statement is false; (2) deliberate ignorance of the truth or falsity of a statement; or (3) reckless disregard of its truth or falsity. *See U.S. ex rel. Schutte v. SuperValu Inc.*, 598 U.S. 739, 750 (2023). And although I hold Mr. Holland to a less stringent standard, this does not relieve him of his "duty to plead claims with an appropriate degree of specificity." *Going*, 2014 WL 6389561, at *3.

In his objection, Mr. Holland contends he properly pleaded the who, when, what, where, and why of his allegations, thus satisfying Rule 9(b). Mr. Holland argues the Magistrate Judge erred in this regard for three reasons. First, Mr. Holland argues Rule 9(b) only requires that the defendant's mental state be "alleged generally," and avers the Magistrate Judge erroneously required a more demanding standard. ECF No. 22 at 2. Although Rule 9(b) only requires general allegations of mental state, "generally" is a relative term and a plaintiff must do more than plead the elements of intentional misrepresentation, call it a general allegation, and expect the complaint to withstand a

6

motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009). In the complaint, Mr. Holland alleges that during the interview, Ms. Lowe stated employees receive two wage increases per year and, by virtue of her position with the company, either knew the statement was false or acted in reckless disregard of whether it was false. ECF No. 1-1 at 7. But Mr. Holland does not allege facts showing what Ms. Lowe knew, what information was available to her, whether the alleged statement contradicted an existing policy, or any other factual basis from which I can plausibly infer scienter. The Magistrate Judge demanded from Mr. Holland no more than what the Federal Rules require, and his Recommended Decision correctly concluded that Mr. Holland failed to allege facts sufficient to support a plausible inference of scienter.

Second, Mr. Holland argues the Magistrate Judge treated the intentional misrepresentation claim as requiring intentional deception, even though Maine law permits liability for reckless misrepresentations. ECF No. 22 at 2. Maine law does indeed permit liability for reckless misrepresentations. *See Packgen v. BP Expl. & Prod., Inc.*, 957 F. Supp. 2d 58, 84 (D. Me. 2013), *aff'd sub nom.*, *Packgen v. BP Expl., Inc.*, 754 F.3d 61 (1st Cir. 2014) (intentional misrepresentation under Maine law requires proof of either knowledge or recklessness). The Magistrate Judge applied the same standard—he recommends dismissing Count II not because Mr. Holland failed to allege intentionality rather than recklessness, but because Mr. Holland failed to allege facts sufficient to support either mental state. *See* ECF No. 21 at 7 (including reckless disregard in the definition of scienter). As such, I find no error in this regard.

Finally, Mr. Holland argues that because Ms. Lowe conducted interviews and performed payroll-related tasks, it is reasonable to infer a reckless mental state—that she either knew the statement regarding biannual wage increases was false or had access to

information contradicting it. ECF No. 22 at 2, 3. Mr. Holland notes the Magistrate Judge omitted from his recklessness analysis that "courts have found allegations of recklessness sufficient where a defendant had knowledge of facts or access to information that contradicts [the defendant's] public statements." ECF No. 22 at 3 (quoting *Sec. & Exch. Comm'n v. Liberty*, No. 2:18-cv-00139, 2021 WL 664834, at *6 (D. Me. Feb. 19, 2021) (quotation modified)); *see* ECF No. 21 at 7. Mr. Holland contends had the Magistrate Judge applied this standard to Ms. Lowe's mental state, he would have found a plausible inference of recklessness. While I agree with Mr. Holland on the applicable standard for determining the defendant's mental state, I find no error in the Magistrate Judge's underlying conclusion. Although Mr. Holland's complaint alleges Ms. Lowe's role in interviewing applicants and performing payroll-related tasks, these facts alone do not support an inference that Ms. Lowe had access to information that contradicted her misrepresentations regarding Piedmont's wage increases. Drawing that inference would require me to assume facts the complaint does not supply; Mr. Holland provided no facts indicating contradictory information existed, that Ms. Lowe possessed it, or that she bore any responsibility to review it. *See, e.g.*, *Am. Aerial Servs., Inc. v. Terex USA LLC*, No. 2:12-cv-00361, 2013 WL 1898535, at *4 (D. Me. Mar. 6, 2013), *aff'd*, 2013 WL 1898533 (D. Me. May 7, 2013) (analyzing intentional misrepresentation on a motion to dismiss and stating, "courts have uniformly held inadequate a complaint's general averment of the defendant's 'knowledge' of material falsity, unless the complaint also sets forth specific facts that make it reasonable to believe that defendant knew that a statement was

8

materially false or misleading" (internal citation omitted)). I therefore agree with the Magistrate Judge that Count II does not satisfy the applicable pleading standard.[3]

## CONCLUSION

Following my de novo review of the disputed portions of the Magistrate Judge's findings, I **ADOPT** and **AFFIRM** the Recommended Decision. ECF No. 21. Mr. Holland's partial objection, ECF No. 22, is **OVERRULED**. I **GRANT** Mr. Holland leave to amend Counts I and II of his complaint. Mr. Holland shall file an amended complaint on or before July 1, 2026. If he fails to amend by that deadline, Counts I and II will be **DISMISSED** without prejudice, leaving only Count III for adjudication.

SO ORDERED.

Dated this 10th day of June, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**

---

[3] Because the Magistrate Judge found Counts I and II deficient on other grounds, he addressed only briefly—and without need to resolve—Piedmont's contention that Mr. Holland "has not sufficiently alleged that he suffered pecuniary harm as the result of his reliance on Defendant's alleged representations." ECF No. 21 at 8 n.4. The Magistrate Judge found the argument meritorious as to Count I, but not as to Count II, concluding that if Mr. Holland's "allegations regarding the pay increases were otherwise actionable, the allegations likely satisfy the pecuniary harm requirement." *Id.* Mr. Holland did not object to this portion of the Recommended Decision, and I find no plain error in the Magistrate Judge's reasoning.